IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-01010-WYD-KLM

BARBARA A. FLOWERS,

     Plaintiff,

v.

FEDERAL EXPRESS CORPORATION, a Delaware corporation;
FEDEX EXPRESS; and
FRED W. SCHNEIDER,

     Defendants.

---

## ORDER GRANTING SUMMARY JUDGMENT

---

THIS MATTER came before the Court on a hearing on Defendants' Motion for Summary Judgment on January 11, 2008.  Defendants move for summary judgment on Plaintiff's claims of sexual harassment, outrageous conduct and retaliation.  For the reasons stated below, Defendants' Motion for Summary Judgment is granted on all three claims.

II.    <u>ANALYSIS</u>

    A.    <u>Summary Judgment Standard</u>

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The burden of showing that no

genuine issue of material fact exists is borne by the moving party.  *E.E.O.C. v. Horizon/ MS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).

In reviewing a summary judgment motion, the court must view the evidence in the light most favorable to the nonmoving party.  *Anaya v. Crossroads Managed Care Systems, Inc.*, 195 F.3d 584, 590 (10th Cir. 1999).  All doubts must be resolved in favor of the existence of triable issues of fact.  *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

      B.      Whether Summary Judgment is Proper in this Case

      1.      Sexual Harassment

Defendants argue that summary judgment is proper on this claim because the single episode of alleged harassment that Plaintiff complains of involving Defendant Fred Schneider does not meet the requirement that sexual harassment be both severe and pervasive.[1]  Defendants also argue that there is no basis for employer liability because Federal Express Corporation and FedEx Express ["FedEx"] took prompt action in response to Plaintiff's complaint.  Further, Defendants assert that there have been no subsequent claims of sexual harassment involving Mr. Schneider.

The single incident of harassment that Defendants reference is an incident on July 13, 2004.  It is alleged that after Mr. Schneider used a pen given to him by Plaintiff, he tossed the pen back in her direction.  Plaintiff stated, "Now that's not how you got the pen, was it".  Mr. Schneider then handed the pen back to Plaintiff and while doing

---

[1]  Plaintiff claims that Mr. Schneider had supervisory duties and should be determined to be a supervisor while Defendants assert that Mr. Schneider was not a supervisor under applicable law.

so, "pressed up against her" for one to two seconds, allegedly with an erection. Plaintiff told Mr. Schneider to "get off my ass." Plaintiff immediately reported to management that Mr. Schneider inappropriately touched her and pressed against her backside.

In response, Plaintiff alleges that in addition to this one incident involving Mr. Schneider, other incidents of alleged harassment occurred. She references other incidents involving Mr. Schneider, including an incident where he grabbed her thigh for a few seconds and squeezed it and another incident where he glared at her. Further, she alleges that after reporting the incident with Mr. Schneider that occurred in July 2004, she was mocked by a manager and on another occasion by unidentified male coworkers. She also references negative comments that manager Mr. Masumiya made to Plaintiff about her complaints of harassment.

It is also alleged that during her first year of employment in 1992, Plaintiff made a verbal complaint of sexual harassment to management because an unidentified coworker slapped her on her butt while she was loading cargo. Management's response was that the person who slapped her was a college athlete, and that is how athletes relate to each other. Further, Plaintiff alleges that in late 2001 to early 2002, several other incidents of sexual harassment occurred that involved a co-worker, Dave Dolson. She alleges that Mr. Dolson slapped her on the butt on the loading dock and that on a separate occasion he grabbed his crotch. Finally, Plaintiff cites testimony from other employees who describe the work environment as permeated by offensive sexual comments and jokes.

I first address whether the harassment Plaintiff complains of is sufficiently severe and pervasive so as to be actionable. "[S]exual harassment so 'severe or pervasive' as to 'alter the conditions of [the victim's] employment and create an abusive working environment' violates Title VII." *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998) (quotation omitted). "[T]o be actionable . . . a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Id.* at 787. Further, a single incident of harassment may support a claim of sexual harassment if the incident is sufficiently severe or egregious. *Creamer v. Laidlaw Transit, Inc.*, 86 F.3d 167, 170 (10th Cir.), *cert. denied*, 519 U.S. 1143 (1996).

To determine whether an environment is sufficiently hostile or abusive, the court must look at all the circumstances, including the "'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Faragher*, 524 U.S. at 787-88. "'[S]imple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Id.* (quotation omitted).

Finally, general harassment is not actionable, the harassment must be based on race or sex. *Bolden v. PRC, Inc.*, 43 F.3d 545, 550 (10th Cir. 1994). Title VII is not a general civility code. *Faragher*, 524 U.S. at 788. "Properly applied, [the standards for hostile work environment claims] will filter out complaints attacking 'the ordinary

tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing.'"  *Id.* (quotations omitted).

I first address the key incident at issue which occurred on July 13, 2004, involving Mr. Schneider.  I find that this incident, standing alone, is not sufficiently severe so as to constitute actionable sexual harassment based on the Tenth Circuit's decision in *Creamer* and other applicable law.  In *Creamer*, the plaintiff alleged sexual harassment by a coworker who kissed plaintiff's cheek and then, upon being confronted with this behavior, "lifted Ms. Creamer either by the waist or by the wrists onto the pool table and pinned her back against the pool table".  *Creamer*, 86 F.3d at 169-170.  The Tenth Circuit found that "[t]his single incident does not, by any means, amount to pervasive sexual  harassment."  *Id.* at 170.  I find that this incident is analogous to that in *Creamer* and is not sufficiently severe so as to state a claim for sexual harassment.

Another decision which supports my decision is *Del Valle Fontanez v. Aponte*, 660 F. Supp. 145 (D. P.R. 1987).  In that case, a single incident where a coworker called plaintiff to his office, locked the door, and pressed against her with an erect sexual organ was not sufficiently severe so as to be sexual harassment.[2]

---

[2]  *See also Meriwhether v. Caraustar Packaging Co.*, 326 F.3d 990 (8th Cir. 2003) (single incident of a co-worker's squeezing of employee's buttocks did not rise to level of severe or pervasive conduct); *Brooks v. City of San Mateo*, 229 F.3d 917, 921 (9th Cir. 2000) (conduct of coworker who placed his hand on plaintiff's stomach and commented on its sexiness and then forced his hand underneath her sweater and bra to fondle her bare breast "is akin to that reported in cases where plaintiff was held *not* to have alleged harassment severe enough to support a hostile work environment claim"); *Saxton v. American Tel. and Tel. Co.*, 10 F.3d 526, 528-29, 534 (7th Cir. 1993) (limited unwelcome advances by a supervisor including rubbing and kissing and attempted groping was not pervasive harassment); *cf. Ferris v. Delta Air Lines, Inc.*, 277 F.3d 128, 136 (2d Cir. 2001) ("We have no doubt a single incident of rape" can satisfy the requirement that the harassment be sufficiently severe or pervasive to alter the conditions of employment), *cert. denied*, 537 U.S. 824 (2002); *Al-Dabbagh v. Greenpeace, Inc.*, 873 F. Supp. 1105, 1111 (N.D. Ill. 1994) (single incident was sufficiently severe where the assailant slapped plaintiff, tore off her shirt, beat her, choked her with a phone cord and ultimately

I also find that Plaintiff's attempt to bolster her sexual harassment claim with the other incidents she reports is not sufficient to state a claim of sexual harassment. The vast majority of incidents complained of were never reported to management. For example, the incident where Mr. Dolson allegedly grabbed his crotch was not reported to management level employees. While the other incident where Mr. Dolson allegedly slapped Plaintiff on the butt was reported to a supervisor, she specifically told that supervisor that she did not want to make a formal complaint and would handle the matter herself. Accordingly, FedEx, as Plaintiff's employer, cannot be liable for such harassment. *See Ford v. West*, 222 F.3d 767, 776 (10th Cir. 2000).[3] Further, an isolated claim of sexual harassment by an unidentified coworker that allegedly occurred in 1992, approximately a decade or more after the other incidents Plaintiff complain of, does not satisfy Plaintiff's burden to show pervasive harassment.

As to the other incidents involving Mr. Schneider, Plaintiff alleges that he squeezed her thigh prior to the incident in July 2004. This incident also was not reported or complained of to management. Further, Plaintiff testified that this incident "wasn't a huge ordeal." The evidence suggests that Plaintiff did not consider herself subject to unwelcome sexual harassment at the time of that incident. *See Witt v. Roadway Express*, 136 F.3d 1424, 1432-33 (10th Cir. 1998) (where plaintiff 'kind of shrugged off" incident and walked away, the subjective component of sexual harassment was not met—'if the victim does not subjectively perceive the environment

---

forced her to have sex with him).

[3] Mr. Schneider also cannot obviously be liable for this conduct since he was not involved.

to be abusive, the conduct has not actually altered the conditions of the victim's employment . . . . '") (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 21-22 (1993)); *see also Stuart v. General Motors. Corp.*, 217 F.3d 621, 632 (8th Cir. 2000) (based on plaintiff's failure to complain about any of the alleged incidents of sexual harassment mentioned in her papers . . ., this Court finds Stuart failed to consider herself subject to unwelcome sexual harassment).

Plaintiff also refers to an incident after July 13, 2004, where Plaintiff and Mr. Schneider ran into each other in the hallway. While she alleges that he glared at her, there was no communication or other contact between them. This appears to be a relatively isolated incident.

Plaintiff also cites to testimony by other employees about inappropriate jokes in the workplace. She failed to complain about these jokes and there is no evidence that she considered herself subjected to sexual harassment during the time these jokes were made. *Id.* Further, she failed to show that these jokes were directed at her. *See Witt*, 136 F.3d at 1433.

Based on the totality of the circumstances, I find that Plaintiff has not shown that the alleged harassment was sufficiently severe or pervasive so as to create an abusive working environment.[4] Further, even if the alleged harassment was sufficiently severe and pervasive, Plaintiff has not shown how these incidents affected a term, privilege, or

---

[4] Plaintiff also includes an affidavit of a former male FedEx employer who claimed to have been subject to sexual harassment. However, Defendants provided evidence that this claim was dismissed on summary judgment with a finding that the employee was not subject to sexual harassment. Accordingly, I reject that affidavit as evidence of sexual harassment. Finally, Plaintiff's other isolated references to harassment, such as being mocked by other employees or negative comments by a manager are rejected as insufficient to show pervasive and severe harassment within the meaning of the law.

condition of her employment. Indeed, Plaintiff continued to perform her duties and work

unimpeded by this alleged harassment until she suffered a back injury on the job in

June 2006 (unrelated to the actions at issue in this lawsuit).[5]  *See Stuart*, 217 F.3d at

632-33 (Stuart's claim also fails because she has not indicated how any of the actions

she complained of affected a term, privilege, or condition of her employment. . . . Based

on the evidence, it appears Stuart was able to perform all of her duties and work all

shifts unimpeded by the alleged harassment).

Based on the foregoing, I find that summary judgment is proper on the sexual

harassment claim because I find that Plaintiff has not shown sexual harassment so

severe or pervasive as to alter the conditions of her employment and create an abusive

working environment. Accordingly, I need not address FedEx's additional argument

that there is no basis for employer liability because the company took prompt action in

response to Plaintiff's complaint and the issue of whether Mr. Schneider was Plaintiff's

supervisor.

### 2.    Outrageous Conduct

I next address the outrageous conduct claim directed only at Defendant Fred

Schneider. "The elements of outrageous conduct are: (1) the defendant engaged in

extreme and outrageous conduct; (2) the defendant engaged in such conduct

recklessly or with the intent of causing the plaintiff severe emotional distress; and (3)

the defendant's conduct caused plaintiff to suffer severe emotional distress." *McCarty*

*v. Kaiser-Hill Co., L.L.C.*, 15 P.3d 1122, 1126 (Colo. Ct. App. 2000).

---

[5]  Plaintiff has been on disability since that time.

"Although the question whether conduct is outrageous is generally one of fact to be determined by a jury, it is the initial responsibility of a court to determine whether reasonable persons could differ on the question." *Id.* The level of outrageousness required for conduct to create liability for outrageous conduct "is extremely high." *Id.* "Liability has been found only where the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.*

I find that summary judgment is also proper on this claim. Specifically, I find that Plaintiff's allegations of harassment by Fred Schneider are not so egregious as to give rise to an outrageous conduct claim. First, I found that the incidents of harassment alleged by Plaintiff, including the incidents involving Mr. Schneider, were not sufficiently severe and pervasive so as to constitute an actionable sexual harassment claim. Since they do not rise to actionable sexual harassment, I find that they necessarily do not rise to the more exacting standard of outrageous conduct. *See, e.g., Khan v. Fed. Reserve Bank of New York*, No. 02 Civ. 8893, 2005 WL 273027, at *13 (S.D.N.Y. 2005); *McCall v. Bd. of Comm'rs of County of Shawnee, Kansas*, 291 F. Supp. 2d 1216, 1229 (D. Kan. 2003); *see also Bolden v. PRC Inc.*, 43 F.3d 545, 554 (10th Cir. 1994).

Second, the cases that Plaintiff rely on involve allegations more severe than the case at hand. For example, in *Pierson v. Kancilia*, 70 P.3d 594 (Colo. Ct. App. 2003), there was evidence that Pearson was subjected to sexual jokes, advances, contact, and other lewd behavior while she was an employee in the defendant's office and that she was pressured into having sex with the defendant. *Id.* at 598. The defendant's

behavior "caused [the plaintiff] to believe that she had no choice in the matter: if she did not comply with his requests, she would lose her job." *Id.* The Colorado Court of Appeals found that this conduct was outrageous as "a jury could reasonably infer that defendant exploited his position of authority over Pearson as her employer to obtain what he ultimately wanted." *Id.* The cases it cited in making this finding relied on the fact that sex was coerced in exchange for job benefits or job security. That is not the situation in the case at hand.

In *Archer v. Farmer Bros. Co.*, 70 P.3d 495, 499 (Colo. App. 2002), outrageous conduct was found by defendants' conduct of "barging into a relative's home and, without any prior notice or other consideration, abruptly firing a twenty-two-year employee while he lay in bed, partially undressed, recuperating from what five days earlier had appeared to be a heart attack, and was . . . a serious heart condition". Finally, in *Wing v. JMB Property Mgtm. Corp.*, 714 P.2d 916, 918 (Colo. Ct. App. 1985), the plaintiff alleged *several incidents* of being sexually harassed, ridiculed, threatened and humiliated as well as malicious acts of the defendant including the firing of plaintiff.

Those cases are distinguishable from the case at hand. The conduct complained of by Mr. Schneider involved only a few relatively isolated incidents over a two year span. There is no evidence that Mr. Schneider improperly used his position to coerce Plaintiff in any manner. Further, there is no evidence that Plaintiff was fired or threatened in any manner as a result of this activity.[6] As such, I find that the claim does

---

[6] Since the claim is brought only against Mr. Schneider individually, the alleged acts of harassment by other workers that occurred while Plaintiff was employed at FedEx are not properly considered. Even if they were considered, I find that they do not rise to the level of outrageous conduct.

not rise to the level of outrageous conduct required by law. *See McCarty*, 15 P.3d at

1126 (outrageous conduct not found where the plaintiff, who alleged that he was

uniquely vulnerable to severe emotional distress, alleged that his supervisors sought to

"wash him out of his employment" through a pattern of intimidation and harassment

which included not only psychological harassment, such as threatening phone calls,

but even physical intimidation in the form of two vehicular assaults).[7]

Finally, I agree with Defendants that Plaintiff has not demonstrated that the

episodes with Mr. Schneider were the actual cause of severe emotional distress.

Nearly two years lapsed between the incident in July 2004 and Plaintiff's visit to a

psychiatrist on June 1, 2006. Mr. Schneider had moved away and been living in

Durango, Colorado for over a year before Flowers sought counseling. Plaintiff was

also able to work full time as a truck driver throughout this period except when she was

physically injured for reasons unrelated to this lawsuit.

### 3. Retaliation

This claim asserts that Plaintiff was subject to a number of retaliatory acts

following her report of the July 13, 2004 incident, including having to work on Christmas

Day 2004 and having to drive her route during a snowstorm in April 2005. Defendants

assert that summary judgment is proper on Plaintiff's retaliation claim because it was

not the subject of a timely charge of discrimination with the EEOC or state agency.

Defendants also assert that summary judgment is proper on this claim because Plaintiff

---

[7] I have also reviewed the other cases cited by Plaintiff and find them factually distinct and thus not controlling in this case.

cannot establish a prima facie case of retaliation or show that retaliation was a motivating factor.

I find that summary judgment is appropriate on this claim. First, I find that Plaintiff did not exhaust her administrative remedies as to the retaliation claim. As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit which were not included in the underlying EEOC charge. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). "[E]ach discrete incident of discriminatory or retaliatory treatment constitutes its own unlawful employment practice for which administrative remedies must be exhausted." *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003).

In this case, it is undisputed that Plaintiff did not check retaliation as a basis for discrimination on the EEOC charge. This generally requires that the claim be dismissed for lack of jurisdiction based on failure to exhaust administrative remedies. *See Shikles v. Sprint/United Mgtm. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).

Plaintiff argues, however, that the intake questionnaire that she filed out with the charge checked both sexual harassment and retaliation as the basis for her charge. *See* Ex. 19 at p. 16. She further argues that her statement to the EEOC described the treatment she had received at FedEx, including the retaliation. These forms did not, however, put the EEOC or her employer on notice as to what she was alleging in terms of retaliation. Thus, even assuming that these other forms are sufficient to satisfy the exhaustion requirements, I find that Plaintiff still did not adequately exhaust administrative remedies as she did not provide the agency with sufficient information to evaluate the merits of her claim. *See Shikles*, 426 F.3d at 1317.

Further, even if exhaustion was proper, I find that summary judgment is appropriate on the merits of the retaliation claim. In order to establish a prima facie case of retaliation, "a plaintiff must demonstrate (1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Jencks v. Modern Woodmen of America*, 479 F.3d 1261, 1265 n.3 (10th Cir. 2007).

The second element can be proved showing that the actions "'might well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington Northern and Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405, 2415 (2006) (quotations omitted). The Supreme Court has made clear that the adversity must be material "because we believe it is important to separate significant from trivial harms." *Id*. "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Id*.

In the case at hand, I find that the alleged retaliatory actions which Plaintiff complains of are not materially adverse under the above standard. Plaintiff worked for FedEx as a Ramp Transport Driver. As such, she is a tractor-trailer driver required to transport freight from Denver International Airport to FedEx stations in Colorado. Plaintiff complains about having to work a single holiday shift on Christmas Day 2004 (despite the fact that Plaintiff's name was on the volunteer list for that day), having to drive a Denver-to-Aspen route in April 2005 in a snowstorm, a mechanic (Ms. Mann)

was uncooperative in repairing her truck, and Plaintiff was "interrogated" by a supervisor November 2005 (over a year after her harassment claim) following an incident in which she had to stop her route to seek medical attention.

Considering the circumstances of Plaintiff's job as a truck driver, these would appear to be ordinary tribulations of Plaintiff's workplace. Certainly, I cannot find that these incidents would deter a reasonable employee from making or supporting a charge of discrimination. Further, I question whether Plaintiff has demonstrated a causal connection between her protected activity and these incidents, particularly as to the event in November 2005 which occurred months after any protected activity.

Plaintiff also complains that FedEx made inadequate efforts to monitor compliance with a restraining order that she obtained against Mr. Schneider. Plaintiff recounts a single occasion in December 2004 in which the restraining order was potentially violated (when Mr. Schneider was in a location a few feet away from Plaintiff but there was no communication between them). However, as Defendants note, FedEx was not a party to the restraining order and had no affirmative duty to enforce its actions. Nonetheless, FedEx has presented evidence that it did take proactive steps to minimize the occasions on which Plaintiff and Mr. Schneider came into contact. The fact that there was only one contact between the two is evidence of such steps.

No authority has been found that would suggest that any of the above referenced incidents would be considered materially adverse.[8] Further, Plaintiff did not

---

[8] I note that Plaintiff also complains in her affidavit about receiving fewer hours to work and having to complete her shift by 11:00 a.m. on Saturdays. However, she did not argue these as a basis for retaliation in her brief in opposition to Defendants' Motion for Summary Judgment.

complain about these incidents to senior management or FedEx's Human Resources

Department, make an internal complaint about these matters, or engage in FedEx's

Guaranteed Fair Treatment Process.  Finally, these incidents occurred over a sixteen

month period and involved several different FedEx managers.  I am unable to find from

these sporadic incidents that unlawful retaliation was a motivating factor.  *See Jencks*,

479 F.3d at 1266.  Accordingly, I grant summary judgment on the retaliation claim.

III.    CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendants' Motion for Summary Judgment is **GRANTED**.

Accordingly, it is

ORDERED that the five day jury trial set to commence Monday, February 25,

2008 and the final trial preparation conference set for Friday, February 8, 2008, at 4:00

p.m. are **VACATED**.

Dated:  January 18, 2008

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge