IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-01010-WYD-KLM

BARBARA A. FLOWERS,

    Plaintiff,

v.

FEDERAL EXPRESS CORPORATION, a Delaware corporation;
FEDEX EXPRESS; and
FRED W. SCHNEIDER,

    Defendants.

_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiff's Motion to Amend/Alter Order Granting Summary Judgment (filed February 1, 2008). A response to this motion was filed on February 21, 2008, a reply was filed on March 7, 2008, a statement of correction to the reply was filed March 17, 2008, and a surreply was filed March 21, 2008. For the reasons stated below, Plaintiff's motion is denied.

Plaintiff's motion was filed within ten (10) days of entry of judgment. Accordingly, the motion is properly filed under Fed. R. Civ. P. 59(e). *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). Essentially, Plaintiff is seeking a reconsideration of the Court's order granting summary judgment.

There are three major grounds that justify reconsideration under Rule 59(e): "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of*

*Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*; *see also Mantle Ranches, Inc. v. U.S. Park Serv.*, 950 F. Supp. 299, 300 (D. Colo. 1997) ("'a motion for reconsideration is not a license for a [party] to get a 'second bite at the apple'" and make legal arguments that could have been raised before"). Such a motion "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 2995).

In the case at hand, Plaintiff asserts that a court may grant a motion to alter or amend when it is necessary to correct manifest errors of law. She further asserts that the judgment should be amended because Plaintiff presented genuine issues of material fact with respect to her Title VII claims, and her claims were not properly disposed of on summary judgment.

I deny Plaintiff's motion. The motion merely makes many of the same arguments previously argued by Plaintiff and/or asserts arguments that could have been raised before. Plaintiff does not cite any change in the law or new evidence previously unavailable. Further, I find that Plaintiff has not shown a need to correct clear error or prevent manifest injustice. The motion appears to be an attempt by Plaintiff to get a "second bite at the apple" in arguing why the Court should exercise jurisdiction over Plaintiff's claims. I find no basis to reconsider my ruling that this Court lacks subject matter jurisdiction over Plaintiff's claims.

Specifically, I note that Plaintiff has not shown a manifest error of law in

connection with the sexual harassment claim. The single incident that is prominent in Plaintiff's sexual harassment has not been shown to be so severe that it rises to the level of sexual harassment. The cases cited by Plaintiff in her motion are distinguishable. Indeed, in both cases Plaintiff cited that relate to a single incident, the conduct was more severe than in this case. Further, unlike here, the plaintiff in those cases showed that the conditions of employment were altered due to incident, *i.e.*, the incident unreasonably interfered with the plaintiffs' ability to perform her duties. In *Turnbull v. Topeka State Hosp.*, 255 F.3d 1238, 1244 (10th Cir. 2001), the plaintiff presented evidence that she was so traumatized that she was unable to return to work thereafter. In *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1244 (10th Cir. 2001), the plaintiff testified that after the incident, her emotional condition deteriorated to the point that she feared going out in public, and that she was thus prevented from continuing to work. Further, she sought psychological counseling for the emotional problems caused by this incident. *Id.*

I also find that Plaintiff has not shown a manifest error of law or other ground for reconsideration of my ruling that the harassment alleged by Plaintiff is not severe or pervasive enough to rise to the level of an actionable sexual harassment claim. Contrary to Plaintiff's motion, I did consider the totality of the circumstances in making this ruling.

As to the argument that summary judgment was improper on the retaliation claim on the ground that Plaintiff failed to exhaust her administrative remedies, Plaintiff makes many of the same arguments I previously considered and rejected in connection

with Defendant's summary judgment motion. She also makes arguments that were not before the Court previously, which is also improper. Finally, as to the alternative ground for granting summary judgment on the retaliation—that summary judgment is appropriate on the merits of the retaliation claim, I also find that Plaintiff has not shown a manifest error of law or other ground for reconsideration of my ruling. I find no reason to reconsider my ruling that the actions complained of were not materially adverse.

    Dated: April 9, 2008

                                BY THE COURT:

                                s/ Wiley Y. Daniel
                                Wiley Y. Daniel
                                U. S. District Judge